COFER, Justice,
for the Court:
This cause is in this Court by appeal from the Chancery Court of Adams County.
In the 1920’s S. H. Lambdin, one of appel-lees, bought a farm near Natchez, and gave it to his wife, Mrs. Mary H. Lambdin. The farm contains 137 acres, more or less, called “Mistletoe”, with an antebellum home situate on it, at times included in the Natchez Pilgrimages. On April 22, 1959, the said Mrs. Lambdin, as settlor, established an inter vivos trust, to be known as the “Mary H. Lambdin Trust,” with the said S. H. Lambdin, her husband, as its income beneficiary for his life; on his decease, the trust property was to pass, in equal parts, to S. H. Lambdin, Jr., and Waldo P. Lambdin, her two sons, or to their descendants per stirpes. She provided that the trust might be continued during the minority of any descendant who should take any of the trust property during such minority. S. H. Lambdin, Jr., died on May 19, 1962, leaving four descendants within the meaning of the trust instrument, two of whom are minors and have their mother, Mrs. Mattie Jo Rat-cliffe, the widow of S. H. Lambdin, Jr., as their guardian. The settlor placed $500 in the trust initially.
Mrs. Mary H. Lambdin executed her last will and testament on August 12, 1963, wherein she left to her husband a life estate in the “Mistletoe” property, including the furnishings in the home, subject to which life estate she left all her property to the trustees of the trust, the trustees then being her husband, S. H. Lambdin, Sr., Waldo Lambdin, and W. Howard Pritchartt, Jr. On October 12, 1965, she executed a codicil to her will, pertinent part of which reads: “If my son Waldo Lambdin wishes to live at ‘Mistletoe’, he may pay $20,000.00 to S. H. Lambdin, Jr.’s four children and take the house and land.”
The settlor-testatrix departed this life on March 18, 1968. Thereafter a question on the interpretation of the above-quoted sentence from her codicil brought about a contract, dated November 3, 1970, executed by Waldo Lambdin, individually, and Waldo Lambdin, S. H. Lambdin, and W. Howard Pritchartt, Jr., trustees of the trust, and the guardian of the four children of S. H. Lambdin, Jr., deceased, all of whom appear to have been minors at that time. In the contract it is said, in part:
*304 (7) All of the parties hereto recognize and agree that by the terms of the codicil to her will, Mary H. Lambdin intended to give and did give her son, Waldo P. Lambdin, an option to purchase for the sum of $20,000 the interest in “Mistletoe Farm” which she had devised to her son, S. H. Lambdin, Jr., (or his descendants, or the trustees for his descendants as the case may be), and that she specified no time within which the option should be exercised, thereby creating an indefiniteness and uncertainty as to the title to the property, which could result in future controversy to the detriment of all the parties hereto.
By the instrument they then agreed that the option “may be exercised by Waldo P. Lambdin at any time within the six month period after the date of the death of his father, S. H. Lambdin,” and “In the event of the death of Waldo P. Lambdin before the option is exercised, the option and all of his rights thereunder shall thereupon and forthwith terminate.”
On January 16, 1976, S. H. Lambdin and Waldo P. Lambdin, both individually, and they, joined by W. Howard Pritchartt, Jr., trustee, who did so to waive process and enter his appearance as trustee “to consent to the sale of the property . . . upon approval of the Court,” filed petition, making the children of S. H. Lambdin, Jr., and the guardian of the two of the S. H. Lamb-din, Jr. children who were still minors, defendants, and praying that the court approve sale of “Mistletoe” to Waldo P. Lambdin, and that it find the proposed sale to be no breach of any fiduciary relation between any of the trustees and the beneficiaries of the trust, and that the sale to Waldo P. Lambdin be for $40,000 to be placed in the trust estate, and that it “remove and terminate the doubt, cloud and suspicion upon the title of ‘Mistletoe’ made by Mrs. Mattie Jo Ratcliffe” (the guardian).
The petitioners exhibited the 1970 contract to their petition, averring that it in effect granted an option to Waldo P. Lamb-din to purchase “Mistletoe” in accordance with its terms. They averred, as justification for their petition for present relief, that S. H. Lambdin, life tenant, had lived on “Mistletoe” since the passing of his wife, that he has approached Waldo P. Lambdin on several occasions to live with him on “Mistletoe” in accordance with the wishes of S. H. Lambdin, as well as the wishes of his wife, which wishes he has made known to all beneficiaries of the trust, and that Waldo P. Lambdin desires to move onto “Mistletoe” to look after and to care for his father in his declining years, but, to accomplish the expressed desire, renovation necessary to make sufficient living quarters for all who would be living there would be necessary entailing large money expenditure, and known to the other parties is their desire to exercise the option of his mother and purchase the property in exchange for $20,000 to the children of S. H. Lambdin, Jr., deceased; that the widow of S. H. Lambdin, Jr., has objected to their desire and proposal and declined to participate in the transaction, but that petitioners believe the children of S. H. Lambdin, Jr. would have no objection thereto, except that those of them who have become of age do not desire to go against their mother’s wishes; that petitioners believe it would be to the best interest of the trust and all parties and in the furtherance of the wishes of the settlor that they now be authorized in accordance with their prayer, but the objections of the widow of S. H. Lambdin, Jr., raised a cloud, doubt, and suspicion upon any deed made by the trustees, and, because thereof, they now invoke the aid of the Court, pursuant to the terms of the trust, asserting the trustee’s right to adjust any claim made against the trust property, and that the objector’s protest constitutes a claim adverse to the trust, and that the Court should find that the trustees have all authority to sell any part of the trust including “Mistletoe”, if deemed by them to be for the best interest of the trust, and that the Court should find it to be best interest thereof.
They allege that Waldo P. Lambdin has further offered to pay an additional $20,000 into the trust for the benefit of his beneficiaries in the trust, resulting in a payment of *305 $20,000 for the benefit of the beneficiaries of S. H. Lambdin, Jr., and $20,000 for Waldo P. Lambdin’s own beneficiary, and so that the life tenant can be drawing interest as provided in the trust, on the entire $40,-000 during his lifetime, which $40,000 is deemed adequate owing to the life estate in S. H. Lambdin, and Waldo P. Lambdin’s option; that the said S. H. Lambdin is in general good state of health, 76 years old, with a total life expectancy of 80 years, and they believe the trust estate’s best interest would be served by the immediate proposed sale to prevent rapid deterioration and depreciation and to provide S. H. Lambdin a' home with his son and the security of such a home, and to obviate the future necessity of S. H. Lambdin’s removal from his longtime home to a place in Natchez, thus rendering “Mistletoe” open to vandals, unoccupied, unattended, depreciating, etc., through lack of use, to secure the property’s title in the Lambdin family, and to carry out the express desire of the settlor; that the Court inspect all of the property and approve the judgment of the trustees in the proposed sale.
They requested, in view of the trusteeship of S. H. Lambdin and Waldo P. Lamb-din, that the court examine into the merits and demerits of the proposed sale, appointing guardians ad litem for the minors if deemed necessary, and doing all things the court deems advisable for the protection of "all parties and to insure that equity is done; they asked a finding that the sale will not constitute a breach of fiduciary relationship, if any, between any of the parties since all the terms and conditions of the sale are set forth and all interested parties are made defendants.
They assigned as additional reasons why the trustees deem it to the best interest of the estate that the sale be made, the life tenant is of advanced age, his home is approximately ten miles from the Natchez City Limits, he often becomes afraid and alarmed in the house at night, on occasion becomes ill and in need of immediate medical attention, no one is there to care for him, and it is to the best interest of all the parties to see to his protection, care and to nurture and care for him, facts which they assign as evidence of the trustees’ good judgment in seeking the proposed sale as being to the best interest of the estate, since “Mistletoe” is presently burdened with S. H. Lambdin’s life estate and Waldo P. Lambdin’s option to purchase it.
The S. H. Lambdin, Jr., children and the guardian of the two minors of them answered the petition largely denying the allegations thereof, asserting as affirmative defenses that the 1970 contract, exhibited to the petition, is binding on all parties, protecting S. H. Lambdin and his life estate, and to guard against Waldo P. Lamb-din’s attempting to obtain a life estate paramount to said S. H. Lambdin, and asserting it as binding him not to exercise option as to the property during the life tenant’s life, and that he has bound himself not to exercise the option except within six months thereafter, and that the testatrix’ will intended against destruction of that life estate.
They incorporated a general demurrer, and also made their Answer a cross bill, wherein they prayed that the trustees, and as individuals, the cross-defendants, be required to make and file a full and complete inventory of all assets coming into possession and control of the trust or the trustees, or any of them, particularly including the jewelry owned by the settlor at her death, and to require them to make accounting of all income, receipts, disbursements, and balance on hand of the trust from its inception to the present, and adjudging that the trustees shall desist from self dealing or with each other individually, as to any of the trust property, requiring any and all items of jewelry from the settlor into the estate, at her death, which may have been under the control of any one of the trustees and reported to the court, to be held and preserved for the trust, and if they, or any of them repudiate their obligations under the trust, and failure or refuse to do their duty thereunder and fully account to the court, that the court remove them and appoint other trustees, and that the court should further adjudge each of the trustees now to *306 be personally liable for each jewelry item owned by the settlor at her death and not accounted for and held in their possession as trustees; and for general relief.
In support of this prayer, they alleged that the settlor, the testatrix, left to cross defendant S. H. Lambdin a life estate in “Mistletoe”, and all the furniture, furnishings, and fixtures of every nature connected therewith; that cross defendant Waldo P. Lambdin became executor of her will, and it was his duty to take an inventory of her property; S. H. Lambdin went into possession of the “Mistletoe” realty and personalty, upon her death; cross complainants, owners of a vested remainder interest in the personalty of “Mistletoe”, were and are entitled to have an inventory of all said property, and a trüe copy furnished to them, and to inspect and check the items thereof so as certainly to know just what property is there, and was there, and the condition and location of any part or item not now in said home; that cross defendants are personally liable and responsible for the care, preservation, and accounting of all property left by the testatrix to the trustees, all of which must be, at S. H. Lambdin’s decease, divided into two equal parts, as provided by the will and the trust agreement, and the trustees should now furnish an inventory of all the other personal property which passed under the will to the trustees of the trust, in accordance with Item II of the will; that the testatrix owned at her decease various items of jewelry of large value, some of which had been insured during her life, of which the records should be available, and, on information and belief, they alleged that the trustees or some of them have attempted to dispose of the jewelry by giving it, or some of it, to relatives or family members, contrary to the will and trust agreement, and the trustees were not, and are not, entitled to dispose of any part thereof by gift; that the jewelry belonged to, and still belongs to, the trust estate for division at S. H. Lamb-din’s death, according to the trust and will; and further on information and belief, they alleged that some one or more of the jewelry items had been delivered to, and are in the possession of, Waldo P. Lambdin, and held personally by him or by a member of members of his family.
They alleged that all jewelry of the testatrix should now be included in an inventory of the trust estate, to be made and kept by the trustees, and made available to all beneficiaries of the trust for inspection; that the trustees are personally liable for all acts or omissions of their duty to collect, preserve, and account for the jewelry and all other items passing to the trustees under the will; that the value of the jewelry at testatrix’ death was in excess of $5,000; that since the trustees have wrongfully attempted to dispose of “Mistletoe”, by proposing, in their petition to warrant it specially to one of the trustees, they are evidently not acting fairly, equitably, or in good faith, with the trust property, and should now be required to be bonded for not less than $50,000 each, or resign, or be removed and replaced by the court; and that they, and S. H. Lambdin, in particular, should be required forthwith to restore all of said jewelry items, and place them in a separate safety deposit box, for the trust only, and make a separate inventory thereof, and make copies available for inspection by the trust beneficiaries.
Based upon all their allegations, the cross complainants assert that full and complete report and accounting of the trustees is essential to the performance of their office of position and trust.
The trustees, the cross defendants, demurred to the cross bill assigning as grounds no equity on its face and it does not state a cause of action. They moved to strike the cross bill as not being germane to the issues raised in the original bill and the matters contained in it are extraneous and foreign to matters in dispute raised by the original bill.
The chancellor overruled the defendants’ general demurrer to the bill of complaint, and sustained the general demurrer to, and the motion to strike, the cross bill.
The cause went to trial on the bill of complaint and answer thereto, resulting in *307 decree granting the prayer of complainants and ordering sale, by the trustees, of the land by special warranty deed to Waldo P. Lambdin for $40,000.
The defendants and cross complainants, the appellants here, have assigned nine errors in the record. The issues may be resolved by decision of four of these assignments: the chancery court erred in sustaining appellees’ motion to strike appellants’ cross bill, in sustaining appellees’ demurrer thereto, that the court was manifestly in error in its findings of fact and was in error in its conclusions of law.
Viewing these assignments in inverse order, an examination of the trust agreement reveals no prohibition against the contract that the parties, trustees and individuals, made that Waldo P. Lambdin’s exercise of his option to purchase “Mistletoe” would be exercised upon, and within the six month period after, the death of S. H. Lambdin. The contract was exhibited to the petition to sell the property to him and was introduced in evidence by them, and S. H. Lambdin, still alive, joined as a party to the petition, swore to it, and testified at the hearing. No attack was made on the contract by any petitioner, and no insinuation was made by any of them that the contract is without binding force upon the parties thereto. In their brief in this Court, they, as appellees, recognize that the chancellor did not rule on the validity or effect of the contract. In fact, his granting petitioners’ prayer completely ignored this contract.
It is here determined that the action undertaken by petitioners and approved and ordered by the court violates the agreements between the parties. The chancellor should have so found and decreed, and in failing to do so, has committed reversible error.
The cross bill, in response to the petition of the appellees, detailed duties of the trustees in gathering and safeguarding the trust property, alleged failure of the trustees in this respect, and expressed well founded uneasiness partially arising from the trustees’ and Waldo P. Lambdin’s individual undertaking to convert the remainder interest in “Mistletoe” into money, that the proceeds would not receive the fiduciary care owed the trust property and the beneficiaries. The cross complainant alleged less than dutiful fiduciary care of jewelry at one place valued at upward of $5,000.
Appellees argue that the specific content of the trust provides that the trustees shall not be required to make or file inventory, appraisement, or annual return, and that the testatrix’ will contains the same waiver. The waiver of these things did not result in leave to the trustees to deal with trust property in violation of equitable principles, including, but not limited to, the disposal of the jewelry by gift.
In Bailey v. Sayle, 206 Miss. 757, 40 So.2d 618 (1949), accounting and reports had been waived by the will involved, but the Supreme Court, on showing in the record warranting an accounting, remanded the case for accounting by the executor.
The cross bill stated a cause of action for relief which required answer by the cross defendants therein, appellees here, and it, in allegations and relief sought, is germane to appellees’ petition.
The lower court erred, therefore, in sustaining the demurrer and the motion to strike the cross bill.
In summary, the cause is reversed and rendered as to the decree approving sale of “Mistletoe” and is reversed as to the lower court’s action in sustaining the demurrer and the motion to strike the cross bill, and remanded.
REVERSED IN PART AND RENDERED; REVERSED IN PART AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.