BLASS, Justice,
for the Court:
Robert Y. Wood, Jr., trustee of the Jane W. Stubbs-Kelley Trust, filed a complaint in the Chancery Court of Adams County to seek a determination of his obligations as Trustee. The complaint asked for a declaratory judgment determining that the trustee owed no duty of accounting to Jane Elizabeth Kelley Stubbs, Keene Richards Kelley and Palmer Kelley McCarter, beneficiaries of the trust and defendants.[1] Jane Elizabeth Kelley Stubbs answered and counterclaimed alleging that Wood’s refusal to account constituted a breach of fiduciary duty. •
The trust was established on October 1, 1982. A document titled “Trust Agreement”, dated October 1, 1982, was recorded in the Chancery Court of Adams County October 7, 1982. Another document, dated September 30, 1982, but signed on October 1, waived the right to any past, present or future accounting. This document was never recorded.
After a hearing, the Chancellor ordered that Wood owed no duty to render an accounting, finding that the settlor waived that duty in the writing dated September 30, 1982. The Chancellor held that this unrecorded document was incorporated into the trust as a matter of law. We affirm.
The writing used to create a trust may consist of several documents. Ramage v. Ramage, 322 S.E.2d 22 (S.C.Ct.App. 1984); See also, G. Bogert & G. Bogert, The Law of Trusts and Trustees, § 50 (2nd ed. 1984). Even though they have different dates the two writings were executed on the same day. When property was transfered to the trust it came into existence as a trust and the September 30 and October 1 instruments, together, made up its written form. Furthermore, the September 30 document refers expressly to the other instrument. As such, the September 30 document waiving any right to an accounting is part of the trust and serves as a specific expression of the settlor’s intent to waive any right to an accounting.[2] Beck *736 v. Robinson, 154 So.2d 284 (Miss.1963); Reagh v. Kelley, 89 Cal.Rptr. 425, 10 Cal. App.3d 1082 (1970). The September 30 paper being part of the writing creating the trust, it is clear that no accounting is required. Essentially this was the Chancellor’s holding and, as it is supported by the evidence, we cannot say that it was manifestly in error.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.

. Keene Richards Kelley and Palmer Kelley McCarter waived service and filed answers admitting all allegations of the complaint and consenting to the trustee’s request for relief.

. Of course this waiver does not authorize the trustee to violate general equitable principles in dealing with the trust. For example, evidence of mismanagement or fraud in the record could warrant an accounting even in the presence of an explicit waiver. See, Harper v. Harper, 491 So.2d 189, 200 (Miss.1986); Lambdin v. Lamb *736 din, 357 So.2d 302, 307 (Miss.1978); Bailey v. Sayle, 40 So.2d 618 (Miss.1949).